NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Hon. Garrett E. Brown, Jr. |
| v. | ) ) | Civil Action No. 07-4166 (GEB) |
| MIGUEL PINTO, MARIA C. PINTO, and ABRAHAM GREGORY PINTO | ) ) ) | **MEMORANDUM OPINION** |
| Defendants. | ) ) ) | |

**BROWN, Chief Judge:**

This matter comes before the Court on the motion for default judgment (Doc. No. 29) against Defendants Miguel Pinto and Maria C. Pinto ("the Pintos") filed by Plaintiff The Prudential Insurance Company of America. For the following reasons, the Court will grant Plaintiff's motion.

**I. BACKGROUND**

This is an interpleader action regarding a life insurance policy for decedent Abraham Pinto-Diaz ("decedent") brought against the Pintos and minor child Abraham Gregory Pinto ("minor child Abraham"). The Pintos are decedent's parents, and minor child Abraham is decedent's son. Under the terms of the insurance plan, if the insured did not designate a beneficiary, benefits are to be paid to the first survivor in this order: (1) spouse or domestic partner; (2) child or children; (3) parents; or (4) siblings. Decedent had not designated a beneficiary at the time of his death.

Plaintiff filed this interpleader action against Defendants on August 30, 2007. On July 10, 2008, Plaintiff sought entry of default as to the Pintos. On August 29, 2008, the Pintos filed an Answer, and as a result, the Clerk of the Court did not enter default. On February 19, 2009, minor child Abraham retained counsel and filed an Answer to the Complaint. On March 5, 2009, Melissa Freeman was appointed as Guardian ad Litem for her son, minor child Abraham.

On April 29, 2008, the Pintos' attorney filed a motion for leave to withdraw as counsel. That same day, Magistrate Judge Madeline Cox Arleo granted counsel's request and ordered the Pintos to retain new counsel by May 6, 2009, or they would be deemed to be proceeding on a pro se basis. Magistrate Judge Arleo also scheduled a status conference for May 19, 2009. That status conference was rescheduled, and Magistrate Judge Arleo issued an Amended Order granting the motion to withdraw due to the fact that the April 29, 2009 Order was inadvertently not sent to the Pintos. The rescheduled status conference was held on June 22, 2009, but no party or counsel appeared on behalf of the Pintos. On June 25, 2009, Magistrate Judge Arleo entered an order requiring the Pintos to show cause why sanctions should not be imposed on them for failing to attend the June 22, 2009 conference. On July 17, 2009, the Pintos' former counsel from Nevada (who was never admitted pro hac vice), submitted a letter on behalf of the Pintos noting his legal opinion that the Pintos had no claim to the insurance benefits and that minor child Abraham was the sole beneficiary.

On August 11, 2009, Magistrate Judge Arleo issued a Report and Recommendation ("R&R") (Doc. No. 26) pursuant to Federal Rule of Civil Procedure 72(b) and Local Civil Rule 72.1(a)(2), wherein she recommended striking the Pintos' answer and entering default against them as sanctions for failure to comply with the prior orders. On November 30, 2009, the

Honorable Joseph A. Greenaway, Jr., then-United States District Judge, adopted Magistrate Judge Arleo's R&R, and ordered that the Answer filed by the Pintos be stricken, that default be entered against the Pintos, and that the Plaintiff may proceed to seek default judgment against the Pintos. That same day, the Clerk of the Court entered default as to the Pintos. On January 22, 2010, Plaintiff filed the instant motion for default judgment against the Pintos.[1]

## II. DISCUSSION

Before entering default judgment, the Court must address the threshold issue of whether it has subject matter jurisdiction and personal jurisdiction over the parties. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). The Pintos waived any personal jurisdiction defense by failing to raise it in their responsive pleadings. Fed. R. Civ. P. 12(h)(1). With regard to subject matter jurisdiction, Plaintiff contends in the Complaint that this Court has jurisdiction over the interpleader action pursuant 28 U.S.C.§ 1335(a), which grants district courts original jurisdiction over any civil action of interpleader if there is minimal diversity between two or more adverse claimants, the amount in controversy is $500 or more, and if the plaintiff has deposited such money into the registry of the court. 28 U.S.C. § 1335(a). Plaintiff asserts that diversity exists between the adverse claimants; however, upon closer examination it appears that the adverse claimants in this case, the Pintos and minor child Abraham, are all residents of California, and therefore, the diversity requirement has not been met and this Court does not have jurisdiction under § 1335. Plaintiff appears to have confused the jurisdictional requirements for statutory interpleader pursuant to § 1335 and rule interpleader brought pursuant to Federal Rule of Civil Procedure 22, because, although asserting jurisdiction under § 1335, Plaintiff also

---

[1] By Order of March 15, 2010, this matter was reassigned to the undersigned.

specifies in the Complaint that the action is an interpleader action pursuant to Rule 22. The Court will therefore treat the action as a rule interpleader action brought pursuant to Rule 22.

A rule interpleader action is distinct from a statutory interpleader action brought pursuant to § 1335 because unlike statutory interpleader, "rule interpleader is no more than a procedural device" in which "the plaintiff must plead and prove an independent basis for subject matter jurisdiction." *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). In this case, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a New Jersey company with its principal place of business in New Jersey, and Defendants Miguel Pinto, Maria C. Pinto, and Abraham Gregory Pinto are all California citizens. The amount in controversy is the death benefit of $120,000: $24,000 in Basic Term Life Coverage and $96,000 in Optional Term Life Coverage. Thus the diversity and amount in controversy requirements of § 1332 are satisfied. The Court will now turn to the merits of Plaintiff's motion for default judgment.

Default is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066, at *7 (D.N.J. Apr. 1, 2008) (citing *Hritz v.*

*Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment.")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

The Court concludes that an entry of default judgment against the Pintos is appropriate in this case. The Pintos have not proffered and do not appear to have a meritorious claim to the death benefits of the insurance policy. Moreover, the parties have suffered by the Pintos' failures to respond and will continue to suffer prejudice if default is not entered. The Court also finds the Pintos culpable in respect to their failure to respond and to comply with Magistrate Judge Arleo's prior orders. Therefore, the Court will grant Plaintiff's motion for default judgment as to the Pintos.

### III.  CONCLUSION

For the foregoing reasons, this Court will grant Plaintiff's motion for default judgment (Doc. No. 29) against Defendants Miguel Pinto and Maria C. Pinto. An appropriate form of order accompanies this Memorandum Opinion.

Dated: April 28, 2010
Newark, New Jersey

                                                          S/Garrett E. Brown, Jr.
                                        Garrett E. Brown, Jr., Chief Judge
                                        United States District Court